## James Kernan
### v.
## Richard B. Moore.

*Injunctions—Trespass—Ejectment—Actions of—Boundary Line—Home-stead.*

Upon a bill to enjoin actions of trespass and ejectment for the encroachment upon the land of another through the erection of a building, the boundary line, which proved to be incorrect, having been agreed upon beforehand by both owners, this court modifies the decree in behalf of the plaintiff, perpetually enjoining the prosecution of such actions in so far as to have the injunction continue only so long as the building in question remains upon its present site.

[Opinion filed May 29, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Egbert Jamieson, Judge, presiding.

Mr. M. J. Dunne, for appellant.

Messrs. Abbott, Oliver & Showalter, for appellee.

Gary, J.   This case leads toward danger.   It contravenes the wise policy of the statute of frauds.

The preponderance of the evidence is, and the Superior Court has so found, that in November, 1885, the appellee, being about to build upon a lot adjoining the lot of the appellant, on which he had a dwelling within a few inches of the boundary, they agreed upon a line, to show which pegs were then standing, as the true line; and, relying upon that agreement, the appellee built and encroached upon the lot of the appellant, though not quite to the line so agreed upon, which was several inches out of the way.

The appellant commenced, after the buildings of the appellee were completed, an action of ejectment and another of trespass for such encroachment, and the bill in this case is to enjoin those actions.   The decree is that the appellant be per-

petually enjoined from prosecuting the pending actions or any others on account of the encroachment, and awards the appellant $25 as the value of the land encroached upon. Whatever may be the effect of such an agreement as to boundary (see Bloomington v. Cem. Ass'n, 126 Ill. 221, and cases there cited), the injunction ought not to be perpetual. In equity and good conscience the appellee should be protected only so far as he has acted under the agreement. He has built a brick dwelling in front and a shed in the rear. The latter is probably, though the character of it does not very plainly appear, a slight structure, easily removed. The injunction should be modified so as to continue only so long as the dwelling does. If, by casualty, that should be out of the way, the appellee, or those succeeding him, can then confine his or their occupation to the right side of the line.

No question of homestead can be brought into this case. No such defense is set up in the answer. Jenkins v. Greenbaum, 95 Ill. 11.

So far as the decree makes the injunction perpetual, and only so far, the decree is reversed, and the cause is remanded with directions to modify the injunction so that it shall stop actions for the encroachment so long as the dwelling remains only. The appellant will recover his costs in this court.

*Reversed in part and remanded.*